JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYLVIE ATANASIO, | ) | CV 15-08103-RSWL-MRWx |
| | ) | |
| Plaintiff, | ) | **ORDER** re: Defendants' |
| | ) | Motion to Dismiss the |
| v. | ) | First Amended Complaint |
| | ) | for Lack of Jurisdiction |
| | ) | [30] |
| MICHAEL GOLDEN; AVENUE | ) | |
| MOSAIC; and MICHAEL R. | ) | |
| GOLDEN DESIGNS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Defendants Michael
Golden ("Golden"), Avenue Mosaic, and Michael R. Golden
Designs, Inc.'s ("Golden Designs") (collectively,
"Defendants") Motion to Dismiss the First Amended
Complaint for Lack of Jurisdiction [30] ("Motion").
Having reviewed all papers submitted pertaining to this
Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the
Court **GRANTS** Defendants' Motion [30] for lack of

1

subject matter jurisdiction,[1] and **DISMISSES** Plaintiff's First Amended Complaint ("FAC") **WITHOUT PREJUDICE.**

## I. BACKGROUND

**A.   Factual Background**

Plaintiff Sylvie Atanasio ("Plaintiff") is a citizen of Ventura County, California.  FAC ¶ 1, ECF No. 29.  Plaintiff is in the business of designing and marketing glass tile products.  Id. at ¶ 14.

Defendant Golden is a citizen of New York, New York.  Id. at ¶ 2.  Golden is the founder and president of Defendant Golden Designs, an Ohio limited liability company.  Decl. of Michael Golden ("Golden Decl.") ¶ 2, ECF No. 30-1.  Defendant Avenue Mosaic is an Illinois corporation with its principal place of business in New York, New York.  Id. at ¶ 3.

In 2015, Plaintiff created her original line of tile products named "Perspectives."  FAC ¶ 15.  Golden Designs is the owner of a copyright registration for "SideView No. 1" ("SideView"), Registration No. VA 1-968-101.  Id. at ¶ 4.  SideView is licensed by Golden Designs and sold by Avenue Mosaic.  Golden Decl. ¶ 18. Plaintiff alleges that SideView is the copyrighted design at issue in this matter.  FAC ¶ 4.

**B.   Procedural Background**

On October 15, 2015, Plaintiff filed her Complaint

---

[1] Because Plaintiff fails to establish subject matter jurisdiction, the Court does not reach the question of personal jurisdiction.

1  [1] for declaratory relief of copyright non-
2  infringement.  On January 21, 2016, Plaintiff filed her
3  FAC [29].  Defendant filed this Motion [30] to dismiss
4  the FAC on February 4, 2016.  The Opposition [33] and
5  Reply [35] were timely filed, and the matter was taken
6  under submission on March 9, 2016 [39].

**II. DISCUSSION**

7  

8  **A.   <u>Legal Standard</u>**

9      Federal Rule of Civil Procedure 12(b)(1) provides
10 that a court may dismiss a claim for lack of subject
11 matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The
12 party asserting federal jurisdiction bears the burden
13 of proof on the necessary jurisdictional facts.
14 <u>McCauley v. Ford Motor Co.</u>, 264 F.3d 952, 957 (9th Cir.
15 2001).

16     When a defendant attacks jurisdiction on the
17 grounds that the allegations contained in the complaint
18 are insufficient, the jurisdictional attack is a
19 "facial" attack.  <u>Safe Air for Everyone v. Meyer</u>, 373
20 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack,
21 the court must accept all factual allegations in the
22 complaint as true.  <u>Wolfe v. Strankman</u>, 392 F.3d 358,
23 362 (9th Cir. 2004).

24     In contrast, in a "factual attack," the challenger
25 disputes the truth of the allegations that, by
26 themselves, would otherwise invoke federal
27 jurisdiction.  <u>Safe Air</u>, 373 F.3d at 1039.  In
28 resolving a factual attack, the district court may

3

review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment, and the court need not presume the truthfulness of the plaintiff's allegations.  Id. (citations omitted).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1039, 1039 n. 2 (9th Cir. 2003)).  "[C]onflicts between the facts contained in declarations submitted by the two sides must be resolved in" the plaintiff's favor in ruling on a Rule 12(b)(1) motion to dismiss.  Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1160 (9th Cir. 2007) (quoting Mattel, Inc. v. Greiner and Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003)).

The Declaratory Judgment Act allows courts to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201.  The "actual controversy" requirement of the Declaratory Judgment Act is rooted in Article III of the Constitution, which provides for federal jurisdiction over "cases and controversies."  To invoke the court's subject matter jurisdiction pursuant to the Declaratory Judgment Act, the plaintiff must show an

4

"actual controversy" by alleging facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

One factor the Court may consider in determining whether an actual controversy exists is whether the "plaintiff has a real and reasonable apprehension that he will be subject [to suit]."[2]  See E & J Gallo Winery v. Proximo Spirits, Inc., 583 F. App'x 632, 634 (9th Cir. 2014) (quoting Societe de Conditionnement en Aluminium v. Hunter Engineering Co., 655 F.2d 938, 944 (9th Cir. 1981)); Ours Tech., 645 F. Supp. 2d at 834.

---

[2] Plaintiff argues that the Supreme Court in MedImmune made the "reasonable apprehension of suit" test obsolete.  Pl.'s Opp. 4:7-9.  "While the Supreme Court in MedImmune rejected the 'reasonable apprehension of suit' test as the standard for determining declaratory judgment jurisdiction in patent disputes, a reasonable apprehension on the part of the declaratory judgment plaintiff that it would face an infringement suit is nonetheless a factor to be considered in the more general totality or 'all the circumstances' test to establish a justiciable controversy." Ours Tech., Inc. v. Data Drive Thru, Inc., 645 F. Supp. 2d 830, 834 (N.D. Cal. 2009).  Moreover, several courts within the Ninth Circuit have applied the "reasonable apprehension of suit" test after MedImmune.  E & J Gallo Winery v. Proximo Spirits, Inc., 583 F. App'x 632, 634 (9th Cir. 2014); Touchpoint Commc'ns, LLC v. Dentalfone, LLC, No. 3:15-cv-05240-JRC, 2016 WL 524260, at *4 (W.D. Wash. Feb. 10, 2016); FN Cellars, LLC v. Union Wine Co., No. 15-cv-02301-JD, 2015 WL 5138173, at *2 (N.D. Cal. Sep. 1, 2015); Abrahams v. Hard Drive Prods., Inc., No. C-12-01006 JCS, 2012 WL 5499853, at *4 (N.D. Cal. Nov. 13, 2012); Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012); Sakkis v. Artisan Pictures, Inc., No. CV 08-00049 MMM (Jcx), 2008 WL 683388, at *4 (C.D. Cal. Mar. 11, 2008).

1  That apprehension is considered from the plaintiff's
2  position; the court need not identify "specific acts or
3  intentions of the defendant that would automatically
4  constitute a threat of litigation." <u>Id.</u> (quoting
5  <u>Chesebrough-Pond's, Inc. v. Faberge, Inc.</u>, 666 F.2d
6  393, 396 (9th Cir. 1982)); <u>Rhoades v. Avon Prods.,
7  Inc.</u>, 504 F.3d 1151, 1157 (9th Cir. 2007).
8  **B.   Discussion**
9      1.   <u>Plaintiff Fails to Allege an "Actual
10         Controversy"</u>
11      Plaintiff's FAC alleges that on September 1, 2015,
12  and October 5, 2015, Golden contacted two third parties
13  doing business with Plaintiff and represented to those
14  third parties that "Plaintiff's Perspectives lines
15  infringe upon Defendants' copyrights in SideView." FAC
16  ¶¶ 21-22.  Plaintiff alleges that Golden stated to one
17  of those parties "that [Defendants] would aggressively
18  pursue legal [sic] against [Plaintiff]." <u>Id.</u> at ¶ 22.
19      Plaintiff further alleges that "on several
20  occasions," including on October 6, 2015, Golden
21  emailed Plaintiff "and claimed that her Perspectives
22  lines are derivative of and infringe upon Defendants'
23  copyrights in SideView." FAC ¶ 19.  Plaintiff alleges
24  that Golden specifically stated, "I fully intend to
25  legally protect my I.P." <u>Id.</u>  On October 18, 2015,
26  three days after Plaintiff filed her Complaint in this
27  Court, Plaintiff alleges that "Golden spoke with
28  [Plaintiff] on the telephone and again threatened a

1  copyright infringement lawsuit against her." <u>Id.</u> at ¶
2  20.  Plaintiff alleges that after this phone call,
3  "Golden copied [Plaintiff] on an email to his colleague
4  Rich Beren, in which he stated that 'we need to
5  continue with protecting my original SideView design.'"
6  <u>Id.</u>

7      Lastly, the FAC alleges that "the statements made
8  by Defendants have given Plaintiff a real and
9  reasonable apprehension of potential litigation over
10  the allegedly copyrighted SideView designs" and
11  Defendants' "statements have created a real and
12  immediate controversy in that they have impinged on Ms.
13  Atanasio's reputation and have created a real [sic] and
14  have effected [sic] Plaintiff's ability to proceed with
15  and fulfill orders for Perspectives." <u>Id.</u> at ¶ 23.

16      Defendants argue that "the facts belie any argument
17  that a real and reasonable apprehension of potential
18  litigation existed" because Defendants neither served
19  Plaintiff with a cease-and-desist letter nor threatened
20  Plaintiff with an impending lawsuit.  Defs.' Mot. 5:21-
21  23.  Defendants contend that the October 6, 2015 email
22  from Golden to Plaintiff specifically asked Plaintiff
23  "if she was available to talk 'and avoid any/all legal
24  trouble on this topic.'"  Golden Decl. ¶ 21.  Golden
25  further contends that when the parties spoke on October
26  18, 2015, he "was hoping to resolve the matter without
27
28

involving counsel,"[3] but when he called Plaintiff, she "immediately told me to speak with her lawyer and the conversation abruptly ended." Id. at ¶ 25.

By submitting the Golden Declaration [30-1] and extrinsic evidence of Plaintiff's failure to assert an "actual controversy," Defendants triggered Plaintiff's obligation to "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Dept. of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009). Because Plaintiff fails to offer any affirmative evidence that the Court has subject matter jurisdiction over her claim for declaratory judgment, Plaintiff's allegations are **DISMISSED**.[4]  See Figy v. Frito-Lay N. Am., Inc., 67 F. Supp. 3d 1075, 1085-86 (citing Colwell, 558 F.3d at 1121).

In any case, Plaintiff's vague allegations that Defendants threatened suit and were "interested in

---

[3] Defendants do not state whether their subjective "hope to avoid involvement of counsel" was communicated to Plaintiff. The Court does not consider the statement that Defendants did not want to involve counsel because the apprehension of imminent suit is considered from Plaintiff's position. Chesebrough, 666 F.2d at 396.

[4] Even when viewing the allegations of the FAC and the evidence in the light most favorable to Plaintiff and accepting Plaintiff's version of events as true for purposes of this Motion, dismissal is appropriate, and an evidentiary hearing is not necessary. See Mclachlan v. Bell, 261 F.3d 908, 910-11 (9th Cir. 2001); Robertson v. Qadri, No. C 06-04624, at *3-4 n. 4 (a district court has discretion on whether to hold an evidentiary hearing).

1  protecting [their] I.P." are insufficient to allege
2  "adverse legal interests, of sufficient immediacy and
3  reality to warrant the issuance of a declaratory
4  judgment." <u>MedImmune</u>, 549 U.S. at 127.  Even if the
5  Court takes as true Golden's stated intention to
6  "protect his I.P.," Plaintiff could not reasonably
7  apprehend that a lawsuit would be filed because
8  Defendants' email explicitly expressed a desire to
9  "avoid any/all legal trouble on this topic."[5]
10      As to Defendants' alleged representation to third
11  parties that Plaintiff's Perspectives infringes
12  SideView, it is not clear how a representation of
13  infringement would lead Plaintiff to apprehend a real
14  possibility of an imminent lawsuit.  Moreover,
15  Plaintiff's allegation that Defendants told a third
16  party that they would "aggressively pursue legal"
17  against Plaintiff is not sufficiently "actual or
18  imminent" to warrant the issuance of a declaratory
19  judgment.
20      In addition, Plaintiff's only specific allegation
21  that Defendants threatened a copyright infringement
22  lawsuit against her occurred on October 18, 2015, which
23  was three days after Plaintiff had already filed her
24  Complaint on October 15, 2015.  Since Plaintiff must
25  have reasonably apprehended an impending lawsuit *before*
26  _____
27      [5] Plaintiff does not submit any evidence to rebut the Golden
    Declaration, and Plaintiff's Opposition does not deny that
28  Golden's email expressed his desire to "avoid any/all legal
    trouble on the topic."

she filed her claim for declaratory judgment, the Court gives this allegation little weight.  In any case, Plaintiff's allegation is no more than a vague allegation of a copyright infringement lawsuit. Plaintiff does not provide any details to support how litigation was "imminent" prior to filing her declaratory judgment claim.  As such, Plaintiff does not adequately allege "sufficient immediacy and reality to warrant declaratory relief." <u>MedImmune</u>, 549 U.S. at 127; <u>see also</u> <u>Manning v. Dimech</u>, No. CV 15-05762 RSWL (PJWx), 2015 U.S. Dist. LEXIS 173376 at *12 (C.D. Cal. Dec. 30, 2015).

Plaintiff's Complaint neither (1) adequately alleges that the parties have "adverse legal interests" nor (2) adequately alleges that the controversy is of "sufficient immediacy and reality" to warrant declaratory relief.  <u>MedImmune</u>, 549 U.S. at 127.  Given the totality of the circumstances, Plaintiff's FAC does not present an "actual case or controversy" within the meaning of the Declaratory Judgment Act, and as such, is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1).[6]

/ / /

/ / /

---

[6] Because Plaintiff does not allege additional facts in her Opposition to show a "case of actual controversy" under the Declaratory Judgment Act, amendment would be futile, and the Court declines to grant Plaintiff leave to amend the FAC.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

2. <u>The Court Denies Plaintiff's Request for
Jurisdictional Discovery</u>

Plaintiff requests the Court to grant
jurisdictional discovery if the motion to dismiss is
granted.  Pl.'s Opp'n 13:3-5.

"A district court is vested with broad discretion
to permit or deny [jurisdictional] discovery." <u>Laub v.
U.S. Dept. of Interior</u>, 342 F.3d 1080, 1093 (9th Cir.
2003).  The decision to deny jurisdictional discovery
will not be disturbed except upon the clearest showing
that the denial results in actual and substantial
prejudice to the complaining litigant.  <u>Id.</u>  Prejudice
is established if there is a reasonable probability
that the outcome would have been different had
discovery been allowed.  <u>Id.</u>

Here, Plaintiff's claim of subject matter
jurisdiction is based on bare allegations in the FAC
that Defendants contacted Plaintiff "on several
occasions," accused her of infringement, and threatened
suit against her.  FAC ¶¶ 19-20.  Given Plaintiff's
failure to respond to Defendants' Declaration and
failure to offer evidence beyond the bare allegations
in the FAC to support subject matter jurisdiction, the
Court **DENIES** Plaintiff's request for jurisdictional
discovery.  <u>See McLaughlin v. McPhail</u>, 707 F.2d 800,
806 (4th Cir. 1983); <u>Terracom v. Valley Nat. Bank</u>, 49
F.3d 555, 562 (9th Cir. 1995); <u>Unicolors, Inc. v. Myth
Clothing Co.</u>, No. CV 15-9419-CAS (JCx), 2016 WL 738289,

11

1  at *6 n. 1 (C.D. Cal. Feb. 22, 2016).  Plaintiff's

2  Opposition does not provide any detail to the Court as

3  to what discovery would establish, and the Court

4  declines to permit jurisdictional discovery as further

5  discovery would not demonstrate facts sufficient to

6  constitute a basis for jurisdiction.  See Unicolors,

7  2016 WL 738289, at *6 n. 1 (citing Lang v. Morris, 823

8  F. Supp. 2d 966, 979 (N.D. Cal. 2011)).

9                      **III. CONCLUSION**

10      For these reasons, Plaintiff fails to meet her

11  burden to establish subject matter jurisdiction.

12  Accordingly, the Court **GRANTS** Defendant's Motion and

13  **DISMISSES** Plaintiff's FAC **WITHOUT PREJUDICE**.[7]

14  **IT IS SO ORDERED.**  The Clerk shall close this case.

15

16  DATED: April 13, 2016         s/ RONALD S.W. LEW

17                               **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge

18

19

20

21

22

23

24

25      [7] Defendants seek dismissal with prejudice, however, a
26  dismissal for lack of subject matter jurisdiction is not an
    adjudication on the merits, and ordinarily should be "dismissed
27  without prejudice so that a plaintiff may reassert his claims in
    a competent court." Cooper v. Ramos, 704 F.3d 772, 778 (9th Cir.
28  2012) (quoting Frigard v. United States, 862 F.2d 201, 204 (9th
    Cir. 1988)).